IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
11/04/2010

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| VIKI LANE, | ) | CASE NO. 08-80414-G3-7 |
| | ) | |
| Debtor | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court held a hearing on the "Trustee's Motion To Sell Assets of the Estate" (Docket No. 36).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion without prejudice.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

On September 1, 2008, Viki Lane, Debtor, filed a voluntary chapter 7 bankruptcy petition and Robbye R. Waldron, Trustee, was appointed as the chapter 7 Trustee.  Included in the assets of the estate is a 60% interest in property located at 4517 Broadway, Galveston, Texas 77550 (Property).  The other 40% interest is owned by Kenneth Nigrelle, Jr., Debtor's former husband.  The property was divided between Debtor and Nigrelle pursuant to a divorce decree entered prepetition on March 28, 2008.  Nigrelle Exhibit No. 1.

In the instant motion, Trustee seeks to sell the Property for $52,000 and proposes to pay 60% of the net proceeds to Debtor's bankruptcy estate and the remaining 40% to Nigrelle. Nigrelle opposed the sale on the basis that the divorce decree required a minimum sales price of $125,000 or, if an offer for less than the minimum price is received, that the parties must mutually agree to the sale.  Nigrelle contends that the Trustee is bound by the provisions of the divorce decree, and since the sales price is below the stated minimum, the Trustee can not sell the Property without Nigrelle's consent.  Nigrelle also contends that the instant offer does not reflect the maximum recovery available for the benefit of the co-owners of the Property. Docket No. 38.  JPMorgan Chase Bank, N.A., (Chase) filed a Limited Objection to the sale.  Chase does not object to the sale but claims that the net proceeds to be paid to Nigrelle should be paid to Chase to satisfy an abstracted judgment Chase obtained against Nigrelle.  Docket No. 37.

The divorce decree is not entitled to preclusive effect because the Trustee was not a party to the state court divorce proceedings, nor was he in privity with any party.  Thus, the Trustee is not bound by the provisions of the divorce decree and he is not precluded from seeking to sell the bankruptcy estate's interest in the Property.  *See In the Matter of Erlewine*, 349 F.3d 205 (5th Cir. 2003) and cases cited therein.

2

Section 363 (b)(1) provides that, after notice and a hearing, the trustee may sell, other than in the ordinary course of business, property of the bankruptcy estate.  Section 363(f) allows the Trustee to sell property of the estate free and clear of any interest in such property of an entity other than the estate.  Procedurally, this is accomplished by filing a motion and the Trustee need only show that the sale is supported by a sound business reason and is based on a sound exercise of business judgment.  Bankruptcy Rule 9014.  *See In re Continental Airlines*, 780 F.2d 1223 (5th Cir. 1986).

The Trustee may also sell both the estate's interest, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety.  11 U.S.C. § 363(h).  This requires the filing of an adversary proceeding.  Bankruptcy Rule 7001(3).  The sale may be authorized only if (1) partition in kind of the property among the estate and any co-owners is impracticable; (2) the estate would realize significantly less from a sale of the estate's undivided interest than from a sale of the property free of the co-owners' interests; (3) the benefit to the estate from the property's sale outweighs any detriment to the co-owners; and (4) the property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or

3

synthetic gas for heat, light, or power.  Section 363(i) gives
the co-owner a right to match any price offered for the property.
An adversary proceeding is required since the interests of the
co-owners might be adversely affected by such a sale and
satisfaction of the first three requirements of section 363(h) is
likely to raise sharply disputed issues of fact.  Because the
property to be sold is co-owned by Debtor and Nigelle, the court
finds that an adversary proceeding is required.

Based on the foregoing, a separate Judgment will be
entered denying without prejudice the "Trustee's Motion To Sell
Assets of the Estate" (Docket No. 36).

Signed at Houston, Texas on the 4th day of November,
2010.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

4